JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 15-7329-JFW (ASx)** | Date:  November 3, 2015 |

Title:       Charles Johnson, et al. -v- Sun West Mortgage Company, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF CHARLES JOHNSON'S MOTION TO REMAND [filed 10/9/15; Docket No. 36];**

**ORDER DENYING AS MOOT DEFENDANT SUN WEST MORTGAGE COMPANY INC.'S MOTION TO DISMISS [filed 10/9/15; Docket Nos. 33 and 39]; and**

**ORDER DENYING AS MOOT DEFENDANT SUN WEST MORTGAGE COMPANY INC.'S MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS CONTAINED IN THE SECOND AMENDED COMPLAINT [filed 10/9/15; Docket Nos. 34 and 40]**

       On October 9, 2015, Plaintiff Charles Johnson ("Plaintiff") filed a Motion to Remand.  On October 19, 2015, Defendants Sun West Mortgage Company, Inc. ("Sun West") and Proctor Financial, Inc. ("Proctor") (collectively, "Defendants") filed their Oppositions.  On October 26, 2015, Plaintiff filed a Reply.  On October 9, 2015, Sun West filed a Motion to Dismiss and a Motion to Strike Plaintiff's Allegations Contained in the Second Amended Complaint ("Motion to Strike").  On October 19, 2105, Plaintiff filed his Oppositions.  On October 26, 2015, Sun West filed its Replies. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for November 9, 2015 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.    **Factual and Procedural Background**

On April 3, 2014, Plaintiff filed a Complaint in Los Angeles Superior Court. On August 15, 2014, Plaintiff filed a First Amended Complaint. On August 21, 2014, Plaintiff filed a Second Amended Complaint. In his Second Amended Complaint, Plaintiff alleges that Sun West, through its preferred force placed insurance provider, Proctor, purchased excessively priced insurance polices, which include unauthorized and wrongful charges, including kickbacks and duplicative charges. Plaintiff also alleges that Sun West charged the excessively priced forced placed insurance premiums to the escrow accounts and mortgage loan balances of Plaintiff and the putative class.

On September 18, 2015, Defendants filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332 ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

In his Motion, Plaintiff argues that Defendants cannot meet their burden of proof that the amount in controversy exceeds $5,000,000, and moves to remand this action to Los Angeles Superior Court.

II.   **Legal Standard and Discussion**

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, ___ U.S. ___, 133 S.Ct. 1345, 1348 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be

tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In *Dart Cherokee,* 135 S.Ct. 547, the Supreme Court did not mandate that a plaintiff seeking to remand an action must always submit evidence challenging the amount in controversy. Instead, the Supreme Court in *Dart Cherokee*, along with the Ninth Circuit in *Ibarra*, only require a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden. *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this"). Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence. In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand. *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10, fn. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was [defendant's] burden to come forth with evidence establishing the amount in controversy. As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc.*, 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

In their Notice of Removal, Defendants assumed that the $5,000,000 amount in controversy requirement is met because the total amount of net written premiums for the force placed insurance policies at issue in the Second Amended Complaint is in excess of $5 million. *See* Notice of Removal, ¶ 6 [filed September 18, 2015; Docket No. 1]; *see also* Declaration of Michael Cox, ¶ 5 [filed September 18, 2015; Docket No. 12]. However, in his Motion to Remand, Plaintiff argues that Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Specifically, Plaintiff contends that Defendants improperly assume that the entire amount of the premium is unlawful, even though Plaintiff alleges in the Second Amended Complaint that he seeks damages on behalf of himself and the Class equal only to the unlawful portion of the purported inflated premium, and Defendants have failed to provide "summary-judgment-type evidence" showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Ibarra*, 775 F.3d at 1197 ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (internal quotation marks omitted). In their Oppositions to Plaintiff's Motion to Remand, Defendants argue that the total net written premiums for the force placed insurance policies exceed $5 million (Sun West) or $6 million (Proctor), and that because Plaintiff alleged in the Second Amended Complaint that his forced placed policy premiums were inflated by a magnitude of ten, all other class members must have also paid premiums that were inflated by a rate of ten. Therefore, Defendants conclude that damages are nine-tenths of either $5 or $6 million, or between $4.5 and $5.4 million. Defendants then argue that attorneys' fees equal an additional twenty-five percent of actual damages and punitive damages equal either a "one to one" or two to three times actual damages.

The Court agrees with Plaintiff. Defendants' assumptions in the Notice of Removal and Oppositions that Plaintiffs' damages consist of either the entire amount or nine-tenths of the entire amount of the net written premiums for the force placed insurance policies are contrary to the allegations of the Second Amended Complaint, and do not provide the "summary-judgment-type evidence" necessary to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions"); *Roth v. Comerica Bank*, 799 F.Supp. 2d 1107, 1120 (C.D. Cal. 2010) (holding that "the suggestion that each class member missed one to three meal or rest periods per week . . . entirely unsupported in the record"); *Letuligasenoa v. International Paper Company*, 2014 WL 2115246, *5–6 (N.D. Cal. May 20, 2014) (holding that the assumption that every class member was denied a meal break and a rest break every single workday was speculative). As Plaintiff alleges in the Second Amended Complaint and explains in his Motion to Remand, he only seeks recovery of the unlawful portion of the forced placed policy premiums. Plaintiff acknowledges that his mortgage agreement permits Defendants to obtain force placed insurance necessary to protect the property, and, even if he was overcharged, part of the premiums represents a legitimate and lawful charge, which Plaintiff does not seek to recover. *See,* Second Amended Complaint ("SAC"), ¶ 61. Thus, Plaintiff only seeks to recover the "unlawful" portion of the premiums that was the result of purported kickbacks and back-dating. SAC, ¶¶ 17-19, 25, 29, 46-58, and 61. However, Plaintiff does not specifically allege in the Second Amended Complaint what amount or percentage of the premiums might be attributable to such purportedly "unlawful" charges.

Despite these allegations, Defendants simply assume that Plaintiff is seeking to recover either the entire amount or nine-tenths of the entire amount of the premiums. Such assumptions are never sufficient to demonstrate that the amount in controversy has been satisfied. For example, in *Guerrero v. Mobilefunster, Inc.*, 2009 WL 195918, *1 (N.D. Cal. Jan. 26, 2009), the defendants removed and argued that the amount in controversy exceeded $5 million because "Mobilefunster earned approximately $29.3 million . . . [and] all charges that Mobilefunster has collected from mobile customers are in controversy." However, the district court remanded the case, holding that the defendants had "characterized Plaintiff's complaint too broadly" and that the plaintiff's "claim includes charges for unauthorized services, not all amounts Mobilefunster has billed and collected for mobile content services." *Id.* As the district court concluded:

> It is impossible to tell from Defendants' submissions how many customers were billed for unauthorized charges, and how much that they were charged. To conclude that more than $5 million is in controversy, the court would have to speculate as to the size of the class and the average amount of recovery for each class members, or simply guess at how much of Mobilefunster's revenue is relevant to this action.

*Id.*; *see also Zadeh v. Ikon Office Solutions, Inc.*, 2011 WL 9349860, *27 (C.D. Cal. Dec. 15, 2011) (granting remand where defendants' "calculate the amount in controversy by making significant assumptions" and extrapolate class wide damages based on the individual plaintiff's allegations in the pleading without providing supporting evidence). In this case, Defendants' assumptions are particularly troubling because Defendants have access to the records that would have allowed them to determine the amount in controversy. *See, e.g., Roth v. Comerica Bank,* 799 F.Supp. 2d 1107, 1129 (C.D. Cal. 2010) (holding that the defendant could not assume any particular frequency as a basis for its jurisdictional calculations, but must provide evidence from its own records to

support its estimates); *see also Ray v. Nordstrom Inc.*, 2011 WL 6148668, *3 (C. D. Cal. Dec. 9, 2011) *(*holding that where the defendants relied upon assumptions to calculate the amount in controversy, they "failed to demonstrate that Plaintiff's complaint supports [Defendants'] assumptions, and [Defendants have] not supported these assumptions with evidence of its own"). Thus, the Court concludes that Defendants have failed to establish by a preponderance of the evidence the amount in controversy in this action is in excess of $5 million.[1]  *Quesada v. Herb Thyme Farms, Inc.*, 2011 WL 1195952, * 4 (C.D. Cal. Mar. 28, 2011) (where the defendants removed under CAFA and attempted to avoid remand by representing that "in excess of $5 million of Herb Thyme 'Fresh Organic' product" was sold, the Court held that the defendants had "merely state[d] the total amount of sales . . . but fail[ed] to show the amount of economic injury sustained individually or in the aggregate by the class").

For all the foregoing reasons, the Court finds that Defendants have failed to carry their burden to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, [defendant] has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions").  Accordingly, the Court concludes that it lacks jurisdiction over this action.

## III.   Conclusion

Plaintiff's Motion to Remand is **GRANTED**.  This action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  In light of the remand of this action, Sun West's Motion to Dismiss and Motion to Strike are **DENIED as moot**.

IT IS SO ORDERED.

---

[1] Defendants also argue that attorneys' fees and punitive damages provide further evidence that the $5 million amount in controversy has been satisfied.  However, because Defendants have failed to adequately support their assumption that damages are either $4.5 or $5.4 million, they cannot base their attorneys' fees and punitive damages calculations on those damage estimates. *See e.g., Keller v. Gaspari Nutrtion Inc.*, 2011 WL 837797, *9-10 (C.D. Cal. Mar. 2, 2011) ("While it is true that attorneys' fees and punitive damages can be included in the amount in controversy calculations, because GNI has failed to provide an adequate estimate of the damages in this case, the Court is unable to determine . . . whether attorneys' fees and 'one-to-one ratio of punitive damages to compensatory damages' would place the amount in controversy in excess"); *Buehler v. Saddle Creek Corp.*, 2015 WL 5618871, *6 (C.D. Cal. Sept. 23, 2015) ("Although Defendant correctly assumes that a 25% recovery for attorneys' fees is common in this type of class action case, and that those fees are properly included in calculations of the amount in controversy, Defendant has not established by a preponderance of the evidence that the underlying amount upon which those fees would be based is reasonable").